# **EXHIBIT A**

*State Court Documents*

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | CASE NO. 2022-CP-10- |
| JESSSICA TAYLOR,<br>                              **Plaintiff,**<br>v.<br>CHARLESTON SOUTHERN UNIVERSITY,<br>                              **Defendant.** | **SUMMONS** |

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith attached and served upon you, and you are hereby required to serve a copy of your Answer to said Complaint upon the Plaintiff by her lawful attorneys, Jennifer Munter Stark, Esq. at the office located at 210 Wingo Way Suite 300, Mt. Pleasant, South Carolina 29464, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to Answer the Complaint within the allowed thirty (30) days, Plaintiff will apply to the Court for any and all relief demanded in the attached and duly served Complaint.

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq.
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
jmunterstarklaw@gmail.com
843-972-0004, (843) 972-0006 (f)

August 17, 2022
Mt. Pleasant, SC

1

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | CASE NO. 2022-CP-10- |
| JESSSICA TAYLOR, **Plaintiff,** v. CHARLESTON SOUTHERN UNIVERSITY, **Defendant.** | **COMPLAINT** **(Jury Trial Demanded)** |

TO: DEFENDANT CHARLESTON SOUTHERN UNIVERSITY AND ITS COUNSEL:

Comes now the Plaintiff Jessica Taylor ("Plaintiff"), and complains against Defendant Charleston Southern University ("Defendant" or "CSU") as follows:

## I.    NATURE OF THE ACTION

1. Plaintiff was at all times relevant enrolled as a student at Defendant Charleston Southern University (CSU).

2. Plaintiff has qualifying disabilities for which Plaintiff has sought reasonable accommodation from Defendant.

3. Plaintiff's requests for accommodation were unreasonably and illegally denied, negatively impacting Plaintiff's education, and causing her damages.

## II.    PARTIES

4. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

5. Defendant Charleston Southern University is a private university with its principal place of business at 9200 University Blvd, North Charleston, South Carolina.

2

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

6. Defendant, CSU is a university of higher education organized, existing, and operating under the laws of the state of South Carolina and owning property and transacting business in Charleston County, within the state of South Carolina.

7. CSU is subject to the requirements of the Americans with Disabilities Act (ADA), enacted in 1990 to address discrimination against persons with disabilities, including in education. Title II of the ADA provides that no individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity. Title III of the ADA prohibits discrimination on the basis of disability in public accommodations, such as schools, operated by private entities.

8. CSU is subject to Section 504 of the Rehabilitation Act of 1973 which prohibits the exclusion, the denial of benefits, and discrimination by reason of disability in programs or activities receiving federal funds.

9. Defendant's website states; "In accordance with sections 503 and 504 of the Rehabilitation Act of 1973 and The Americans with Disabilities Act, Charleston Southern University is committed to providing reasonable accommodations for disabled students who are otherwise qualified to pursue college level work."

10. Plaintiff is a citizen and resident of Dorchester County, South Carolina who is presently and at all times relevant was enrolled as a full-time student of CSU.

11. Plaintiff possesses a qualifying disability under both the Americans with Disabilities Act and the Rehabilitation Act. The conditions for which Plaintiff sought accommodation from the Defendant include, but are not limited to, autoimmune autonomic ganglionopathy;

3

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

steroid induced osteopenia; probable endometriosis; unknown condition of lung probably related to autoimmune autonomic ganglionopathy.

### III.   JURISDICTION AND VENUE

12.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

13.  Venue is proper in this forum because it is where Defendant CSU maintains its principal place of business and it is where the most substantial part of the alleged acts and omissions giving rise to these causes of action occurred.

14.  All acts and omissions giving rise to this Complaint took place in Charleston County, South Carolina.

15.  This Honorable Court has jurisdiction over the subject matter hereof and parties hereto, and venue is proper in this forum.

### IV.   FACTUAL ALLEGATIONS

16.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

17.  Plaintiff originally enrolled at Charleston Southern on or about January 8, 2018 as a Freshman.

18.  Plaintiff paid significant amounts of money for tuition, fees, board, books as well as other materials and items necessary for her education at CSU.

19.  Plaintiff was accepted into Defendant's nursing program and began that program on or about January 13, 2020.

20.  Plaintiff was qualified for the nursing program, performed well and met expectations and course requirements.

21.  Plaintiff has an immunosuppressant condition, autoimmune autonomic ganglionopathy, which is a qualifying disability under applicable federal law. The condition requires

4

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

treatment with steroids and high dose IVIg, CellCept, which is a potent immunosuppressant medication.

22. Plaintiff was cleared for nursing studies by her physicians.

23. Plaintiff's goals included to assist disabled patients to live their lives and achieve their goals despite disabilities.

24. In March 2020 Defendant closed its' campus to all students due to COVID.

25. After Defendant closed campus, Plaintiff's classes, including what were in-hospital clinics, and other in-person labs and courses, were switched to entirely online classes.

26. Students were assured by Defendant that the quality of their nursing education and skills were not impaired by the virtual nature of the classes and clinical experiences, and that in-person education was not necessary, as the virtual method would teach them what they needed to learn.

27. Plaintiff began her second semester as a nursing student in Fall of 2020 and at that time classes and clinicals were hybrid, both in-person and on-line (virtual).

28. Plaintiff requested that she be able, on occasion as treatment needs required, to do clinicals virtually and to attend classes virtually as students had done during COVID, based on her disability.

29. Plaintiff initially sought accommodations related to her disability directly from professors.

30. For example, Plaintiff began outpatient IVIg infusions over the Summer 2020, and in October 2020 Plaintiff required surgery. Plaintiff requested an accommodation for virtual learning as she would miss an in-person clinical with instructor Sherry Dial. The accommodation was denied as "unreasonable' and although Plaintiff made up the clinical virtually, she still received a clinical absence.

31. Nursing students are limited to 2 clinical absences (1 absence per clinical) before they are ejected from the program for the semester without recourse or tuition reimbursement.

32. CSU was aware that absent the accommodation, Plaintiff's enrollment in the program could be jeopardized.

33. Plaintiff started as a third semester nursing student January 21, 2021. Classes that semester were held in person allowing a virtual option only if the student was COVID positive or exposed to COVID.

34. Plaintiff continued to seek accommodations directly from her teachers.

35. On February 12, 2021 Plaintiff emailed her instructor (Sara Hathcock) requesting an accommodation as an exam was scheduled which conflicted with a prescheduled and necessary IVIg injection. Plaintiff's injections are scheduled long in advance, must be received in regular intervals, and if missed have negative impact on Plaintiff's health and cannot be rescheduled for some time. Plaintiff was told that the exam could be made up, but it would be a more difficult format, and the highest maximum grade achievable was 85%.

36. On February 19, 2021 Plaintiff emailed her instructors (Dr. Ferguson and Dr. Nelson) requesting an accommodation relating to anticipated clinical absences due to Plaintiff's IVIg infusion schedule. Plaintiff sought to do clinical coursework virtually, which would have been a continuation of learning under the same learning conditions that CSU adopted and touted as optimal for learning during COVID.

37. Plaintiff requested that she not be docked for clinical absences, be allowed more absences or be allowed to continue to do clinicals remotely. These requests for accommodation were refused without discussion, interactive process or alternatives being suggested.

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

38. Plaintiff was advised that she should take a medical withdrawal rather than provide her with an accommodation. If Plaintiff took the medical withdrawals as the College of Nursing ("CON") recommended she would have been dismissed from the program permanently.

39. Plaintiff had to choose between her health or attending clinicals (for example) in-person to avoid negative academic consequences.

40. In the summer of 2021 Plaintiff was required to start high dose steroid infusions along with IVIg infusions resulting in immunosuppression, adding to Plaintiff's preexisting disability. By the fall of 2021 Plaintiff would be required to attend physical therapy 2-3x weekly plus her scheduled infusions every 3 weeks and regular appointments. Her appointments were set 3-6 months in advance.

41. Although Plaintiff could provide her treatment schedules well in advance to CSU, CSU consistently altered the nursing students' schedules without warning, subjecting students to being in danger of missing mandatory events, being dropped from the semester, being dropped from the program and financially losing tuition (approximately $15,000.00 per semester), without recourse.

42. Based on the facts set forth above on June 8, 2021 Plaintiff contacted Defendant's Disability Services Coordinator (Annie Watson) regarding accommodations but did not initially receive a response.

43. Plaintiff then submitted documentation to the Defendant's Disability Services Center and requested accommodations including request to waive the absence policy in case of necessary doctor appointments, treatments, or hospitalizations as long as make up work is completed; request to not be assigned infectious patients at clinical; request for a chair to

7

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

be available in both classroom and clinical settings in case of complications related to medical condition (AAG); request to leave classroom temporarily for bathroom breaks/care of medical devices without penalty (including tests).

44. On July 12, 2021, Plaintiff received email from Dr. Watson (cc: Dean Meier) granting disability services and accommodations. These accommodations included boiler plate or "cookie cutter" IEP and testing center accommodations that CSU provides to persons with learning disabilities but were not necessarily requested or specific to Plaintiff.

45. Plaintiff's accommodations, granted in July 2021, were, however, withdrawn by CSU in August 2021.

46. On August 18, 2021, Plaintiff received a virtual accommodation form from the Defendant, that stated that the accommodation provided did not include College of Nursing students. Plaintiff did receive an accommodation allowing her not to be assigned an infectious patient in clinical.

47. Plaintiff responded and emailed Dr. Watson and Dr. Meier regarding her concerns over Defendant's lack of accommodation.

48. On August 19, 2021 Plaintiff attended a Zoom meeting with Defendant, including with Defendant's agents or employees, Dr. Meier and Dr. Watson. In that meeting Plaintiff was advised that her requests for accommodation were not reasonable. She was not offered alternative accommodations, nor was there a discussion of alternatives or a request for additional medical or other information by Defendant.

49. In addition to being informed that Plaintiff's health would not be taken into account, throughout her tenure in the nursing program CSU subjected Plaintiff to a lack of concern

8

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

or empathy regarding her disability or disabled students generally along with negative comments and harassment related to her disability and requests for accommodation.

50. Disability related harassment and hostility by Defendant included numerous unsolicited suggestions that Plaintiff: was not able to take care of her health because she was disabled; was disabled because she could not manage her health; was not fit to be a nurse; should dropout; should leave the nursing program; should do something else; she should just go and get on Social Security Disability; and that she was not welcome in the CSU program.

51. In addition to the foregoing examples of disability harassment and hostility at least one of Plaintiff's instructor's had rules penalizing students for needing to leave an exam to use the rest room despite having medical conditions that might prevent students from "holding it" the entire duration of the test. Plaintiff's medical condition affects her bladder and requires her to urinate frequently/every 30 minutes.

52. On information and belief, similarly situated disabled nursing students were denied reasonable accommodations, were threatened with expulsion from the program, were offered accommodations having little to do with their disabilities, were told they needed to withdraw from the program and suffered similar harassment and hostility as Plaintiff.

53. On or about August 23, 2021, CSU informed Plaintiff of revised accommodations, removing the previously granted accommodation of not being assigned to a known infectious patient. Students are assigned one patient. Upon information and belief, there were reasonable alternatives and accommodations available, including non-infectious patients or virtual clinical participation.

54. On or about August 27, 2021, Plaintiff requested an accommodation from CSU (Ms. Mann, Dr. Meier and Dr. Watson) regarding need for certain personal items during a psych

9

clinical. These items include a small backpack, medications, cell phone, apple watch, umbrella, water, snack, glucose monitor. Following her request for accommodation, Plaintiff was accused by Mann of improperly having her cell phone at the clinical, something which she did not do and something that would negatively affected Plaintiff's record.

55. Plaintiff also sought an accommodation from her instructor for her last scheduled psychology clinical in Spring of 2022, due to medical issues. She was assigned a virtual clinical to complete. However, Plaintiff received a clinical absence for that day.

56. Plaintiff was then forced to meet with the Dean, Dr. Ball, who advised that Plaintiff's professors had concerns about her and told her she should "seriously consider withdrawing from the College of Nursing".

57. Plaintiff was due to graduate May 2023 with her BSN degree. Plaintiff changed her major in 2022, but continues to be enrolled at the Defendant school.

**58.** Plaintiff has suffered emotionally, physically and financially a result of the Defendant's actions, including ongoing retaliation for seeking accommodation, failure to accommodate, discrimination based on disability, harassment and hostile learning environment, as set forth above.

## V.    CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
### (Discrimination In Violation Of The ADA
### And Rehabilitation Act)

59. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

60. Titles II and III of the ADA and Section 504 of the Rehabilitation Act prohibit discrimination by colleges, universities and other post-secondary institutions.

10

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

61. The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

62. Public accommodations include undergraduate and postgraduate private schools, as well as "other place[s] of education."

63. Section 504 applies to any college or university, whether public or private, that receives federal financial assistance, including religious institutions.

64. Section 504 states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ."

65. Defendant is a qualified institution of higher education, subject to Section 504 and the Americans with Disabilities Act.

66. Upon information and belief CSU accepts and utilizes Federal Funds.

67. As stated above CSU failed to provide Plaintiff with reasonable changes to rules and policies and academic adjustments which would have provided Plaintiff with equal opportunity and access to education, resulting in discrimination in violation of the ADA and Section 504.

68. The academic adjustments sought by Plaintiff included reasonable changes to policies and non-essential academic requirements, as admitted by CSU when the nursing program, classes and clinicals were all conducted virtually during COVID, and continued in a bifurcated or mixed fashion thereafter.

11

69. CSU did not respond to Plaintiff's request to work with her to identify reasonable accommodations, labeling her requests for accommodation unreasonable and failing to engage in interactive processes to reach a reasonable accommodation.

70. Defendant CSU further failed to engage in a meaningful individualized assessment of the nursing programs requirements (including clinical attendance) as related to Plaintiff's request for accommodation.

71. Defendant's draconian non-accommodation policy, including rigid attendance system, capricious and erratic scheduling, and severe academic and monetary penalties also created a hostile learning environment and intentional inflicted emotional hardship and distress on Plaintiff. Plaintiff had to choose between protecting her health or pursuing her education.

72. As stated above Plaintiff was subjected by Defendant to harassment and disrespect based on her disability, as well as subjected to stereotyping and biased generalizations, that she did not belong in the nursing program and could not care for her own health; i.e. disabled persons cannot be nurses.

73. By denying the Plaintiff's requested accommodations and treating her as "less than", CSU failed to provide her with meaningful access to educational opportunities and with an equal opportunity to participate in and benefit from CSU's services, programs, and activities.

74. CSU intentionally, recklessly, and with discriminatory intent interfered with Plaintiff's rights to education based upon her disability and requests for accommodation.

75. But for and on the basis of her disability Plaintiff was subjected to prejudice, unfair treatment, retaliation, discrimination, harassment, and a hostile learning environment and abject hostility which exceeded what any reasonable student should have to endure.

76. As a direct and proximate result of the Defendant's discriminatory action constituting violations of the aforementioned statutes, Plaintiff has suffered injury and damages, including her education, physical and mental health.

77. As a result of the Defendants' conduct, Plaintiff is entitled to damages as permitted by law.

**FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the ADA and Rehabilitation Act)**

78. The Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

79. The ADA and Rehabilitation Act prohibit retaliation for engaging in protected activity.

80. As stated above Plaintiff engaged in protected activity, including by repeatedly asking for accommodation from Defendant.

81. Plaintiff suffered adverse action as the result of engaging in protected activities, including but not limited to: increased scrutiny; intimidation and harassment; general hostility; less favorable treatment than non-disabled students; repeatedly being encouraged to leave her program of study; being told if she needed accommodation she should reconsider nursing; being subjected to harsher test taking circumstances if she needed accommodation; being told she would be subject to lower grades if she needed testing accommodation; receiving unwarranted absence designations; and unfounded accusations of rules violations, all as a consequence of requesting or discussing accommodation for her disability.

82. But for Plaintiff's requests for accommodation, she would not have suffered repeated negative actions by the Defendant.

83. Defendant's conduct amounts to retaliation against Plaintiff for engaging in protected activity for seeking reasonable accommodation.

84. Such actions are retaliatory and in violation of the ADA and Rehabilitation Act.

85. As a direct and proximate result of Defendant's actions, Plaintiff has suffered mental, physical and monetary damages, loss of her right to education in her chosen field of study, and other actual and punitive damages.

86. Wherefore, Plaintiff therefore seeks an award of actual and punitive damages, costs and fees from the triers of fact against the Defendant, in amounts that are fair and just and as permitted by statute.

## FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

87. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

88. The Defendant's conduct as set forth above intentionally or recklessly inflicted severe emotion distress, or knew that distress would probably result from their conduct.

89. The Defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency, and must be regarded as atrocious and utterly intolerable in a civilized community.

90. The Defendant's actions caused the Plaintiff emotional distress.

91. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

92. As a result of the Defendant's conduct, Plaintiff is entitled to actual and punitive damages.

## VI.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, seeks judgment against Defendant as follows:

ELECTRONICALLY FILED - 2022 Aug 17 2:02 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003765

a. Awarding Plaintiff actual, consequential, resulting, nominal, compensatory, and punitive damages in an amount to be determined by the trier of fact damages;

b. Awarding injunctive relief as permitted by law or equity;

c. Scheduling a trial by jury in this action;

d. Awarding Plaintiff reasonable attorney's fees, costs and expenses, as permitted by law;

e. Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law; and

f. Awarding such other and further relief as may be just and proper.

## VII.   JURY DEMAND

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully Submitted,

 *s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. ID 69765
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
jmunterstarklaw@gmail.com
843-972-0004, (843) 972-0006 (f)

Joshua Slavin Esq. ID 102912
The Law Offices of Joshua E. Slavin, LLC
PO Box 762
Mount Pleasant, SC 29465
843-619-7338, 888-246-8914 (f)
josh@attorneycarolina.com

*ATTORNEYS FOR PLAINTFF*

August 17, 2022
Mount Pleasant, SC

15