IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JESSICA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-03387-DCN |
| vs. ) | |
| ) | **ORDER** |
| CHARLESTON SOUTHERN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The following matter is before the court on defendant Charleston Southern University's ("CSU") motion for protective order, ECF No. 27. For the reasons set forth below, the court grants in part and denies in part the motion.

**I.  BACKGROUND**

This case arises from CSU's alleged failure to accommodate the needs of a student with qualifying disabilities. See ECF No. 1-1, Compl. ¶¶ 1–3. Plaintiff Jessica Taylor ("Taylor") sought accommodation from the university for qualifying medical conditions including, inter alia, autoimmune autonomic ganglionopathy, steroid induced osteopenia, probable endometriosis, and an unknown condition of lung probably related to autoimmune autonomic ganglionopathy. Id. ¶ 11. Taylor enrolled in CSU on or around January 8, 2018, and was accepted into CSU's nursing program which began on or around January 13, 2020. Id. ¶¶ 17, 19–20. In March 2020, CSU closed its campus and switched to an online format as a response to the COVID-19 pandemic, including moving the previously in-hospital clinics and in-person labs and courses online. Id. ¶¶ 24–27. When CSU resumed a hybrid format, Taylor requested accommodations due to her health conditions, particularly considering her treatment with steroids and high

1

dose IVIg, CellCept, a potent immunosuppressant medication. Id. ¶¶ 21, 28–29. CSU denied Taylor accommodations, including, inter alia, optional online classes when those in-person classes conflicted with her scheduled treatments, assignment to a non-infectious patient, and the ability to reschedule tests and quizzes which conflicted with her scheduled treatments. Id. ¶¶ 30–49. These requests—including the suggested accommodations—were made to Taylor's professors directly and later through the disability services program at CSU. Id. Practically all requests were denied, in whole or in part, and CSU advised Taylor that she should take a medical withdrawal instead. Id. ¶ 38. A withdrawal would permanently dismiss her from the nursing program. Id. This lawsuit followed.

On August 17, 2022, Taylor filed the complaint in state court alleging intentional infliction of emotional distress as well as discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ECF No. 1-1, Case No. 2022-CP-1003765 (Charleston Cnty. Ct. C.P. Aug. 17, 2022), Compl. ¶¶ 59–92. On September 30, 2022, CSU removed the action to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(a). ECF No. 1. On August 31, 2023, CSU filed the instant motion for a protective order. ECF No. 27. Taylor responded in opposition on September 14, 2023, ECF No. 29, to which CSU replied on September 20, 2023, ECF No. 32. The court held a hearing on the motion on September 20, 2023. ECF No. 33. As such, the motion is fully briefed and is now ripe for review.

## II.  STANDARD

"The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." Alston v. DIRECTV, Inc., 2017 WL 1665418, at *2 (D.S.C. May 3, 2017). In other words, the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26. HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013). Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The standard for issuance of a protective order is high." Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, 2017 WL 3620061 (D.S.C. Aug. 23, 2017) (quoting Nix v. Holbrook, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015)). "The party moving for a protective order bears the burden of establishing good cause." Slager v. S. States Police Benevolent Ass'n, Inc., 2016 WL 4123700, at *2 (D.S.C. Aug. 3, 2016) (quoting Webb v. Green Tree Servicing, LLC, 283 F.R.D. 276, 278 (D. Md. 2012)). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." Id. (quoting UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988)). In other words, the court "must weigh the need for the information versus the harm in producing it." Id. (quoting A Helping Hand, LLC v. Baltimore Cnty.,

295 F. Supp. 2d 585, 592 (D. Md. 2003)). The district court is afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

### III. DISCUSSION

Federal Rule of Civil Procedure 30(b)(6) requires a corporation to respond to a deposition notice by designating and producing someone familiar with the topics listed in the notice. Fed. R. Civ. P. 30(b)(6); see Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999). The designated witness testifies on the corporation's behalf and, thus, testifies not only on his or her personal knowledge of a subject, but on corporate knowledge. See Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006). Thus, to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information. See Bd. of Trs. of Leland Stanford Jr. Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008) (noting that Rule 30(b)(6) implicitly requires a corporate designee to review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and reviewing them would be burdensome). As a corollary to the corporation's duty to designate a deposition witness, it must prepare its designee to be able to give binding answers on its behalf and perform a reasonable inquiry for information that is noticed and reasonably available to it. State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008); see also Wilson v. Lakner, 228 F.R.D. 524, 528–29 (D. Md. 2005) (explaining that

a corporation's designated deponent is required to make a good faith effort to find out relevant facts).

But reasonably available information does not mean all information, and Rule 30(b)(6) establishes burdens for both parties. Specifically, before issuing the notice of deposition, defendants must "describe[] with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6); see Whiting v. Hogan, 2013 WL 1047012, at *11 (D. Ariz. Mar. 14, 2013) ("The burden is on Plaintiffs, as the party requesting the deposition, to satisfy the 'reasonable particularity' standard of Rule 30(b)(6)."). To meet the reasonable particularity requirement, "a topic must place the named organization on adequate notice as to the area of inquiry so as to sufficiently assist in identifying the proper deponent." Loboa v. Women's Health All., P.A., 2020 WL 889739, at *1 (E.D.N.C. Feb. 24, 2020). Additionally, Rule 45 permits a subpoenaed party to quash a subpoena where it requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Courts applying these rules have concluded that there is no requirement that a corporate deponent be familiar with information beyond what is relevant to the case or what the deponent can reasonably be expected to prepare for. See United States ex rel. Smith v. Boeing Co., 2009 WL 2777278, at *8 n.16 (D. Kan. Aug. 27, 2009) ("[W]hen voluminous documents extending over years are involved, an entity preparing Rule 30(b)(6) witnesses must understand what is being requested. . . . Simply asking a party to provide testimony concerning a 390-page contract or a 190-page manual does not satisfy the requirement of reasonable particularity."); see also Bierk v. Tango Mobile, LLC, 2021 WL 698479, at *3 (N.D. Ill. Feb. 23, 2021) ("There is no requirement that a Rule

5

30(b)(6) witness memorize thousands of pages of documents and be able to recall in exacting detail the minutia of such voluminous records."); Holden v. Port Auth. of N.Y. & N.J., 2018 WL 11222516, at *1 (S.D.N.Y. Dec. 12, 2018) ("[A] 30(b)(6) witness cannot be expected to know and testify about every detail of . . . every subject.").

The proposed deposition topics must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts may limit the scope of a 30(b)(6) deposition if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

CSU moves for protection and objects to Taylor's Notice of Video Deposition of 30(b)(6) Witness of Charleston Southern University dated August 30, 2023. ECF No. 27 at 1.[1] It specifically objects to the inclusion of two topics of the drafted thirteen. Id. First, CSU objects to Taylor's request that CSU designate a witness to testify about "All claims and allegations asserted in [Taylor's] Complaint and the defenses and allegations asserted in your Answer." Id. at 1–2. Taylor purportedly specified nine affirmative defenses and forty-three paragraphs in the complaint on which she expects CSU to provide a corporate representative to testify. Id. Second, CSU objects to Taylor's requested 30(b)(6) testimony regarding "[a]ll of [CSU's] discovery responses." Id. at 2. CSU argues that these two categories are "facially overbroad and far from 'reasonably

---

[1] CSU stipulates that counsel for CSU has consulted with counsel for Taylor in a good faith effort to resolve this dispute before filing this motion in accordance with Local Civ. Rule 7.02 (D.S.C.). ECF No. 27 at 1.

particular.'" Id. CSU also indicates that upon communicating its intent to file the instant motion, "[Taylor's] Counsel responded that they were not willing to drop these two topics or otherwise make the topics more specific." Id.

In response, Taylor contends that her requests were reasonably particular because they specified the numbered paragraphs in CSU's Answer upon which she seeks information. ECF No. 29 at 6. Moreover, Taylor emphasizes that her request pertains only to a narrow issue: "the rights of one student in [CSU's] Nursing School," who was enrolled in that program for less than three years. Id. at 9. She further sets forth that despite the request for all of CSU's discovery responses, the already-produced materials are curated and therefore not overly broad. Id. In reply, CSU reiterates that the two topics are "extremely overbroad" and "fail to identify with reasonable particularity the matters for examination." ECF No. 32 at 1. The court examines the two contested topics in turn.

### A. Topic One

In Topic No. 1, Taylor seeks,

> [a]ll claims and allegations asserted in Plaintiff's Complaint and the defenses and allegations asserted in your Answer. For purposes of giving Defendant notice of particular topics to prepare for, Plaintiff identifies the following: affirmative defenses number 3, 4, 5, 7, 8, 9, 10, 11, and 12 and numbered paragraphs 7, 11, 14, 18, 21, 25, 28, 29, 30–34, 41, 45–57, 49–55, 60–62, 65, 67–76, 79, and 81.

ECF No. 27 at 4. CSU objects that this topic request "is nearly limitless as it does not identify the information sought in the various Complaint paragraphs or affirmative defenses with reasonable particularity." Id. Further, CSU avers that "it is not clear that the information sought in this topic is known or reasonably available." Id. Moreover, CSU objects because Topic One "encompasses information that is duplicative of other

topics identified" in Taylor's Rule 30(b)(6) deposition notice. Id. at 5. In fact, CSU claims that much of what it might testify to "is already covered by other topics in [Taylor's] Notice, making Topic One cumulative and duplicative." Id. at 6.

In response, Taylor gives examples of the specificity of the affirmative defenses for which she seeks information (e.g., "7. All actions taken by Defendant were justified, reasonable and in good faith"). ECF No. 29 at 5. Thus, she contends that "[i]t is unclear how Plaintiff could be any more particular in notifying [CSU] that she wanted to ask questions about these affirmative defenses." Id. Similarly, Taylor claims that she "identifies specific numbered paragraphs of [CSU's] Answer in the 30(b)(6) notice upon which she seeks information." Id. These identified paragraphs focus on CSU's answers "relating to University programs, [Taylor's] student status, accommodations, disability, information relating to [Taylor's] ADA claim, and qualifying medical condition." Id. Thus, Taylor concludes that her request does not lack specificity. Id. at 6. Moreover, Taylor contends that CSU should be prepared to adequately prepare an individual to testify as to its asserted claims and defenses, which are clearly relevant and discoverable. Id. As such, Taylor concludes that to exclude this topic would prevent her from obtaining CSU's view of what occurred in the instant case, which would help narrow the issues for trial. Id.

Finally, she argues that crossover between topic identification or even duplication between a 30(b)(6) witness and an individual witness is not a fatal flaw, nor is it harassment, particularly here where Taylor has been unable to take depositions due to scheduling issues as of September 14, 2023. Id. at 7. Taylor states her position

succinctly when she writes, "[l]itigation is not a game of blind man's bluff," ultimately urging the court to deny CSU's motion for a protective order as to Topic One. Id. at 6–7.

In reply, CSU argues that Taylor's allegedly "focused topics" are not particular and emphasizes that CSU "cannot be expected to prepare a witness to explain CSU's response to these 45 paragraphs and nine affirmative defenses." ECF No. 32 at 2. Moreover, CSU notes that Taylor "[f]ails to cite any cases in her Response that find that this type of overbroad topic is appropriate under Fed. R. Civ. P. 30(b)(6)." Id.

Rule 30(b)(6) represents a trade-off: the organization's designated deponent's testimony will bind the organization, but only if the deposition topics meet Rule 30(b)(6)'s "particularity" requirement. BioConvergence LLC v. Emergent BioSolutions, Inc., 2023 WL 3866412, at *2 (D. Md. June 7, 2023). "[T]o allow the Rule to effectively function, the requesting party must take care to designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Fish v. Air & Liquid Sys. Corp., 2017 WL 697663, at *20 (D. Md. Feb. 21, 2017) (internal quotation marks and citation omitted) (alteration in original). "In the absence of particularity, proper compliance by the designee is thwarted." BioConvergence LLC, 2023 WL 3866412, at *2. Thus, courts have found a protective order justified for topics that lack particularity. See, e.g., Fish, 2017 WL 697663, at *20 (granting a protective order where plaintiff's topic merely sought "[t]he specific factual basis for any defenses or claims you have asserted or intend to assert").

Taylor requests that CSU's corporate designee be prepared to testify as to the underlying facts to select affirmative defenses and denials in its answer. See ECF No. 27 at 4. Specifically, she seeks information about nine of the twenty-two asserted

9

affirmative defenses and forty-five of the at least ninety-two paragraphs included in the complaint and answer.  See id.; Compl. ¶¶ 1–92; ECF No. 6, Answer.  Thus, the court finds that Topic One is not vast, open ended, or vague because Taylor specifies a limited number of affirmative defenses and answers for which she seeks Rule 30(b)(6) testimony.  See Tarokh v. Wal-Mart Stores E., LP, 342 F.R.D. 383, 386 (D.S.C. 2022) (denying motion for a protective order where the topic is limited to the facts underlying specific allegations in the lawsuit and to specific defenses asserted by the defendants).  As such, the court denies the motion for protective order as to Topic One.

Certainly, CSU's counsel will have to carefully prepare the Rule 30(B)(6) designee(s), but that is par for the course.  As other courts have noted, "preparing for a Rule 30(b)(6) deposition can be burdensome;" however, that is "merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business."  United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996), aff'd 166 F.R.D. 367 (M.D.N.C. 1996).  Although a corporate designee is "not expected to be a corporate encyclopedia," he or she should be "reasonably and adequately prepared to answer questions about the relevant deposition topics."  Runnels v. Norcold, Inc., 2017 WL 3026915, at *1 (E.D. Va. Mar. 30, 2017).  He or she must therefore prepare to testify beyond his own personal knowledge to matters known to the corporation as a whole.  Doing so may require extensive preparation, document review, interviews, and other forms of investigation to reasonably identify the corporation's relevant knowledge and positions.  Taylor, 166 F.R.D. at 361–62.  Indeed, "a corporation is expected to create an appropriate witness or witnesses from information reasonably available to it if necessary."  Scott Hutchison Enters., Inc., v. Cranberry Pipeline Corp., 318 F.R.D. 44, 55

(S.D.W. Va. 2016) (emphasis omitted) (quoting QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 689 (S.D. Fla. 2012)); see also Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (explaining that when corporate designees lack personal knowledge of the noticed deposition topics, "the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation").

### B. Topic Two

Topic No. 2 seeks "[a]ll of [CSU's] discovery responses." ECF No. 27 at 6. CSU argues that "[t]his topic request is nearly limitless as it does not identify the information sought in [CSU's] discovery responses with reasonable particularity." Id. CSU also contends that it is unclear that the information sought is known or reasonably available to it. Id. Additionally, CSU argues that it has produced a voluminous number of documents in response to Taylor's discovery requests; namely, CSU has responded to forty-seven written discovery requests and produced 712 pages of documents to Taylor, not including the over 10,000 pages of medical records from third-party subpoena requests. Id. at 7–8. Thus, Taylor's request that CSU's corporate representative testify about "all of [CSU's] discovery responses" is purportedly unreasonable. Id. at 8.

In response, Taylor emphasizes that she served CSU with twenty-three requests for documents, and in discussing Topic Two, Taylor made clear that she had no interest in interrogating CSU's designee regarding the over 10,000 pages of medical records. ECF No. 29 at 8. Rather, Taylor contends that the scope is narrow both in topic (i.e., the rights of one student in CSU's nursing school) and in time frame (i.e., the less than three years that Taylor was a student). Id. at 9. Thus, the requests for production were

11

narrowly tailored and the production itself was limited. Id. Accordingly, she contends that "it is clear Topic 2 covers a modest volume of documents that are all relevant to Ms. Taylor's time in the Nursing School and which will not require any representative to memorize thousands of documents." Id. at 10. Taylor emphasizes that CSU's deposition of Taylor included examination regarding 265 pages of exhibit documents, most of which she had never seen before. Id. She claims that this fact "seriously undermines [CSU's] argument that it cannot be reasonably expected to prepare witness(es) to testify regarding Topic 2 because of the documents involved." Id. Moreover, Taylor explains that CSU's document production fits into nine categories of documents:

> [1] Disability policies and procedures, comparator information, disability services, communications and information related to [Taylor's] requests for accommodation . . . .
> [2] Excerpts from the Student Handbook from the College of Nursing and communication to students with rules and instructions.
> [3] Information on student accounts.
> [4] College of Nursing Faculty Handbook.
> [5] Faculty and student communications, information and instructions from 2020–21 relating to COVID-19 [and] Citadel Continuity of Instruction Plan, emergency preparedness.
> [6] Accreditation information and materials.
> [7] [Taylor's] academic file including application, transcript, financial and some disability related material.
> [8] Insurance and liability documents.
> [9] Report including government fund and grant information, and outlining offerings, demographics, information regarding online and hybrid options, problems and solutions, use of funds, grants, finances, many related to software and technology utilization, and budgets.

ECF No. 29 at 9–10 (emphasis omitted) (citations omitted). Some of those documents were designated as answers to fourteen of CSU's responses to Taylor's Interrogatories.

Id. As such, Taylor explains that the "topic is not improper, overly broad, lacking particularity, or overly burdensome to prepare for." Id. at 11.

In reply, CSU again critiques Taylor's attempt "to describe Topic Two with more specificity" in her response because the reality that the one topic fits into nine categories "demonstrates that it is not reasonably particular." ECF No. 32 at 2–3. Moreover, CSU again emphasizes that of the nine identified categories, "half are directly covered by the other eleven topics already identified in the 30(b)(6) notice." Id. at 3. The topics that are not covered in the notice are purportedly not reasonably particular—for example, CSU points to the College of Nursing Handbook that contains policies well beyond the issue of a student's request for disability accommodations. Id. at 4. Thus, CSU reinforces its request for a protective order. Id.

"To be sure, a party may ask for testimony regarding documents it has received in discovery, but the deposition topics should not merely replow [sic] the same field, lest the request be rejected as duplicative or cumulative." Prasad v. George Washington Univ., 323 F.R.D. 88, 99 (D.D.C. 2017). Topic Two is overly broad and burdensome because it would require CSU's corporate designee to be prepared to answer questions about all of CSU's discovery responses which comprises at least 712 pages of documents. See ECF No. 27 at 8. That is a large amount notwithstanding Taylor's explanation that the documents fit into nine buckets. See United States ex rel. Smith, 2009 WL 2777278, at *8 n.16. Moreover, "[i]t is not appropriate . . . to use a 30(b)(6) deposition as a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period." Prasad, 323 F.R.D. at 99. Thus, the court grants a protective order as to Topic Two.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the motion for protective order.

**AND IT IS SO ORDERED.**

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**September 25, 2023**
**Charleston, South Carolina**